UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-24415-CV-KING

A.L., a Minor by and through his parents,
C.L. and D.L., individually, and as parents
and next friends of A.L.,

      Plaintiff,

v.

SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA,

      Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant School Board's Partial Motion to Dismiss (DE #10), filed March 14, 2011. Defendant's Motion seeks dismissal of Counts II – VI of Plaintiffs' Complaint (DE #1),[1] contending that Plaintiffs failed to exhaust their administrative remedies and failed to state claims for relief.[2] Upon consideration, the Court finds that Defendant's Motion must be granted in part.

**I.**    **Legal Standard**

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed if the facts as pleaded fail to state a

---

[1] Defendant School Board concedes that it does not "seek dismissal of the IDEA claims [under Count I]." (DE #10 at 1). Accordingly, this Court will consider Defendant's Partial Motion to Dismiss only in the context of the remaining five counts of Plaintiffs' Complaint.

[2] For the sake of convenience, the Court will refer to Plaintiff A.L. individually as "he," although such reference is intended to be gender-neutral and to preserve A.L.'s anonymity.

claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## II. Factual Background

According to the Complaint, Plaintiff A.L. is a disabled minor, who is a resident of Miami-Dade County. A.L. was adopted at the age of three by Plaintiffs C.L. and D.L., who provided A.L. with private therapy and a loving home. In 2006, at the time relevant to these proceedings, he was an 11-year-old student in the fifth grade who attended Gulf Stream Elementary. A.L. had previously been determined eligible for "exceptional student education" ("ESE") in certain areas, including but not limited to intellectual disability, deafness, speech and language impairment. While a student at Gulf Stream, A.L. was introduced to American Sign Language, which provided him with some means of communication for both home and school. ASL became the most effective way for Plaintiff to communicate, such that an evaluation performed by the school district on May 24, 2007 found that "it became apparent quickly that the only positive way to interact with this boy is through interaction by ASL." For the following school year, A.L. was assigned by the school district to Bel-Aire Elementary School, which

maintained a program to develop language through the use of American Sign Language. His parents consented to the transfer to Bel-Aire, where an experimental classroom program was being implemented. This experimental program included many activities and allowances that were not found in standard classrooms. By all accounts, the Bel-Aire transfer was successful: A.L.'s new teacher, Lisa Rodriguez, was eminently qualified, and A.L. became well-acclimated to the educational process. However, during the summer of 2009, the school district eliminated from Bel-Aire the experimental program in which A.L. was enrolled.

Subsequently, A.L. was assigned to a different program at a different school, Mandarin Lakes. This new program was for the deaf and hard-of-hearing and Plaintiff A.L. claims that its provisions were not tailored to his needs in the same fashion as the Bel-Aire program. For example, the new program at Mandarin Lakes functioned on a higher level than the Bel-Aire program: as of September 10, 2009, A.L.'s teacher purportedly did not believe that Mandarin Lakes was appropriate for him. Moreover, according to the Complaint, A.L. was prevented from participating in the after-care program at Mandarin Lakes, allegedly because of his disabilities.

Soon afterwards in early December 2009, another meeting was held regarding A.L.'s status. Citing a lack of educational progress at Mandarin Lakes for Plaintiff, the school district developed an independent education plan ("IEP") that proposed moving A.L. to Neva King Cooper Educational Center. Many factors were considered by Defendant in making this determination, although Plaintiffs stated certain objections. For instance, Neva King is a separate day school whose mission is to assist students that are purportedly more disabled or challenged than A.L. Indeed, there are no "general education" students at Neva King, meaning that Plaintiff was no longer surrounded by students who might assist him in becoming more socially acclimated. Moreover, the IEP developed in December 2009 removed any references to

3

ASL, as it was found that A.L.'s lack of progress in learning ASL undermined Defendant's need to provide such instruction.

Determining that A.L.'s new placement in Neva King would be harmful to him, Plaintiff's parents gave oral and written notice to the school district of their intent to withdraw Plaintiff from the public school system and to enroll him in a private school at the public expense.[3] On December 18, 2009, A.L. was withdrawn from the public school system and enrolled in a private program at the Villa Lyan School as of January 4, 2010. According to A.L.'s parents, Villa Lyan is more appropriate for him and combines ASL with other methods to ensure necessary communication between Plaintiff and his teachers.

Throughout the process of obtaining suitable education for A.L., Plaintiff's parents were actively involved in ensuring an appropriate education for him. They expressed their concerns in conferences with Mandarin Lakes, they informed the school district of the unsuitability of placement at Neva King, and they attended conferences with the school district. Most recently, Plaintiff's parents sought administrative review of the actions taken by the school district. Additionally, presumably after their request for compensation for A.L.'s private education was rebuffed, on March 10, 2010 Plaintiffs filed a Request for Due Process Hearing with Defendant. Defendant subsequently referred that Request to the Division of Administrative Hearings for a final hearing. Plaintiffs later filed an Amended Request on April 6, 2010, including their claims under the Rehabilitation Act, to which Defendant responded.

A hearing was conducted before an administrative law judge from June 7, 2010 – June 10, 2010. All parties filed a joint pre-hearing statement in preparation for the final hearing. At the hearing, the issues before the administrative law judge were 1) whether Defendant made a

---

[3] At this time, it is unclear from the record whether that notice was timely or in other relevant ways complied with certain statutory requirements.

free and public education available to A.L.; and 2) whether Plaintiff's parents provided sufficient notice of their intent to enroll A.L. in a private school. The parties called numerous witnesses and introduced a substantial quantity of exhibits. Upon completion of the hearing, by order dated June 11, 2010, the administrative law judge ordered the parties to file proposed final orders by June 21, 2010. Both parties submitted proposed orders. (DE # 2-3, 12-6).[4]

The ALJ subsequently issued his Final Order on September 14, 2010, determining that Neva King provided better services than Villa Lyan, with the exception that ASL was not provided by Neva King. Moreover, as to A.L.'s other claims, the ALJ found that there was no fundamental change in Plaintiff's treatment when moved from Bel-Aire to Mandarin Lakes. Nor did the ALJ find that Defendant had denied a free and public education to A.L. by assigning him to Neva King, which in many ways is substantially similar to the separate day school, Villa Lyan, chosen by Plaintiff's parents. As such, the ALJ determined that A.L. was not entitled to payment of private school expenses. Underlying this finding is the ALJ's determination that Plaintiff's parents provided insufficient notice of their intent to withdraw A.L. from public school.

Plaintiffs have now filed this six-count Complaint seeking injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

---

[4] In a consolidated proceeding regarding the denial of after-care services to Plaintiff, the ALJ issued a Recommended Order on September 14, 2010 in which he found that he found that Mandarin Lakes had wrongly denied Plaintiff access to Mandarin Lakes' after-care program because of his disabilities. (DE #2-2). However, because there were no resulting damages to Plaintiff, the ALJ found that no relief was appropriate. Defendant filed its Exceptions (DE #2-3, 10-7) to the ALJ's Recommended Order on September 28, 2010. Plaintiff did not file any exceptions. Defendant held a hearing on November 24, 2010 regarding the ALJ's findings in this regard. Neither Plaintiff nor any representative for Plaintiff appeared at that time. On December 6, 2010, Defendant issued its own final order (DE 10-8), which constituted a review of the ALJ decision. Therein, Defendant noted that the Superintendent of the school district had taken exception to certain findings of fact made by the ALJ, and ruled that those findings of fact were inappropriate. Ultimately, Defendant concluded that there was no intentional discrimination in violation of Section 504 of the Rehabilitation Act.

### III. Discussion

Defendant moves for dismissal of Count II-VI of Plaintiffs' Complaint on the basis that Plaintiffs failed to exhaust their administrative remedies and that they also failed to state a claim upon which relief can be granted. Each of Defendant's arguments will be addressed in turn.

### I. Dismissal for Failure to Exhaust Administrative Remedies

As to the first basis for dismissal, Defendant contends that "throughout the administrative process on the Section 504 claims, Plaintiffs failed to make an appearance, failed to produce a statement, and failed to notify Defendant of [his] intentions." (DE #10 at 13). Thus, Defendant would have this Court hold that Plaintiffs' claims under Section 504 of the Rehabilitation Act (Count II), Title II of the Americans with Disabilities Act (Count III), 42 U.S.C. § 1983 (Count IV), and the Florida Educational Equity Act (Count V) are barred.

The Court cannot agree that Plaintiffs failed to jump the necessary administrative hurdles. A review of the record demonstrates that Plaintiffs advocated their position throughout the administrative process. Plaintiff and his representatives were involved in ensuring a free and public education that satisfied Plaintiff's unique needs. His parents were integral to A.L.'s transfer from Bel-Aire to Mandarin Lakes, and obviously were central to the decision to enroll A.L. in private school rather than at Neva King, the public school to which Defendant determined Plaintiff should ultimately be transferred. Moreover, Plaintiffs produced substantial evidence at the June 7-10 hearing before the ALJ. Indeed, they called at least eight witnesses and introduced substantial documentation in support of their position. (DE #2-1 at 3-4). Plaintiffs also submitted a Proposed Final Order to the ALJ at the completion of the hearing. (DE #12-6). By the terms of the ALJ's own Order of Consolidation, (DE #12-3) "[a]lthough not included within the jurisdiction of the Division of Administrative Hearings at the time, the issues

and the dispute [as to Plaintiff's Section 504 claim] were raised in [the earlier proceeding] and were the subject of proof in that case. They were also the subject of proposed Findings of Fact and Conclusions of Law by the parties." (DE #12-3 at 1). Thus, upon review of the entire administrative record, as is appropriate under *Doe v. Alabama State Department of Education*, 915 F.2d 651, 659-60 (11th Cir. 199), there can be no doubt that Plaintiffs followed the necessary steps towards pursuing administrative relief for all of the claims that are now raised in the Complaint. Accordingly, their claims are not now barred by any failure to exhaust their administrative remedies.

II.     Dismissal for Failure to State a Claim

As to the second basis for dismissal, failure to state a claim, the Court finds that there is some merit to Defendant's contentions. In particular, Count IV of Plaintiffs' Complaint must be dismissed. Plaintiffs cannot state a claim under § 1983 without a showing that A.L. was denied access to procedural review. *Cf. Manecke v. Sch. Bd. of Pinellas County*, 762 F. 2d 912 (11th Cir. 1985). *See also Sammons v. Polk County Sch. Bd.*, No. 04-2657, 2007 WL 4358266, *3 (M.D. Fla. Dec. 10, 2007) (holding that IDEA claim cannot serve as basis for § 1983 claim). Here, there is no doubt that A.L. had full access to administrative review. As such, Plaintiffs cannot state a claim under § 1983.

Additionally, Count VI of Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Count VI seeks recovery for attorneys' fees expended by A.L.'s parents in connection with the administrative proceedings. In support of such a claim, Plaintiffs cite entitlement to attorneys' fees under 20 U.S.C. § 1415. Under that statute, the Court is authorized to award attorneys' fees and costs as it deems appropriate:

> In any action or proceeding brought under this section, the court, in its discretion, *may award* reasonable attorneys' fees as part of the costs—

(I) to a prevailing party who is the parent of a child with a disability ...

20 U.S.C. § 1415 (i)(3)(b)(i) (emphasis added). As such, in the event that Plaintiffs prevail in this action, attorneys' fees are one type of damages available to Plaintiffs in any award for costs. Therefore, because Plaintiffs will be entitled to an award of fees and costs if they prevail, there is no need for a stand-alone claim for attorneys' fees in this context and Count VI is dismissed.

However, as to Defendant's remaining contentions, the Court finds that the Motion to Dismiss must be denied. In part, Defendant seeks dismissal because of Plaintiffs' purported failure to specify damages during the administrative proceeding. However, where the administrative law judge had no authority to award certain damages relevant to this proceeding, dismissal on that basis would be inappropriate. Moreover, to the extent that Defendant claims that certain relief sought by Plaintiffs is duplicative, this Court need not make that determination at this time. Plaintiffs are entitled to plead their claims in the alternative. As such, Defendant's Motion to Dismiss Plaintiffs' claims under Count II, III, and V is denied.

### IV.  Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Partial Motion to Dismiss (DE #10) be, and the same is hereby, **GRANTED in part**. Counts IV and VI of Plaintiffs' Complaint (DE #2) are **DISMISSED** with prejudice.

2. In all other regards, Defendant's Motion to Dismiss is **DENIED**.

3. Defendant shall **ANSWER** the remaining claims **within twenty days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 13th day of May, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiffs**
**Mark S. Kamleiter**
2509 1st Avenue South
St. Petersburg, FL 33712
727-323-2555
Fax: 323-2599
Email: mkamleiter@flspedlaw.com
**Stephanie Langer**
Matthew W. Dietz
2990 SW 35th Avenue
Miami, FL 33133
305-669-2822
Fax: 442-4181
Email: Stephlanger@yahoo.com

**Matthew Wilson Dietz**
Matthew W. Dietz
2990 SW 35th Avenue
Miami, FL 33133
305-669-2822
Fax: 442-4181
Email: Matthewdietz@usdisabilitylaw.com

**Counsel for Defendant**
**Mary C. Lawson**
Miami-Dade County School Board
Board Attorney's Office
1450 N.E. Second Avenue
Suite 400
Miami, FL 33132
305-995-1304
Fax: 305-995-1412
Email: mlawson@dadeschools.net

9