**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 10-24415-CIV-KING**

C.L. and D.L., individually, and as parents and
next friends of A.L.

      Plaintiff,

v.

SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA

      Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The School Board of Miami-Dade County, Florida (hereinafter "Defendant" or "School Board"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiffs' Complaint. All allegations not expressly admitted are denied.

## ANSWER AND AFFIRMATIVE DEFENSES

The School Board asserts that Plaintiffs' Complaint amounts to an impermissible "shotgun pleading." "A 'shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir.2002); see Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir.1998). "Shotgun pleadings make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for

1

relief.'"  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir.1996).  As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit.  See, e.g., Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir.1991).

In the present case, Plaintiffs' Complaint is not "short and plain" because it contains large paragraphs jumbling a wide range of topics, both legal and factual.  See Fed. R. Civ. P. 8(a); Plaintiffs' Complaint.  Additionally, Plaintiffs' use identical alleged facts and allegations to support each Count of the Complaint.  Consequently, Defendant is hard-pressed to draft a responsive pleading clearly establishing its admissions, denials, and defenses.

Nonetheless, in response to this Court's Order Granting in Part Defendant's Partial Motion to Dismiss (DE 19) (5/13/2011), Defendant, in response to each separately numbered paragraph of the Complaint, states as follows:

## INTRODUCTORY STATEMENT

1.  The School Board admits that Plaintiffs' Complaint is pursuant to the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").  The School Board denies that the Administrative Law Judge ("ALJ") rendered an erroneous decision (i.e., Final Order).  The School Board denies that Plaintiffs' rights were violated and denies that Plaintiffs are entitled to any relief under the IDEA or Section 504 or any of the additional authorities cited.  The School Board denies the remaining allegations contained in this paragraph.

## JURISDICTION & VENUE

2.  The School Board admits that the Complaint purports to state a cause of

action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 20 U.S.C. § 1415(i)(3)(A), 29 U.S.C. § 794a, and 42 U.S.C. § 12133, but the School Board denies the remaining allegations contained in this paragraph.

    3.      The School Board admits that venue is proper in this Court.

## **PARTIES**

    4.      The School Board admits the allegations contained in this paragraph.

    5.      The School Board admits that A.L. is a child with a disability within the meaning of the IDEA.

    6.      The School Board admits that A.L. is a child with a disability within the meaning of Section 504.

    7.      The School Board denies that A.L. is a child with a disability, but denies that Title II of the ADA is relevant to this action.

    8.      The School Board admits the allegations contained in this paragraph but denies that any constitutional obligations are relevant to this action.

    9.      The School Board admits the allegations contained in this paragraph.

    10.      The School Board admits the allegations contained in this paragraph but denies that the Florida Educational Equity Act is relevant to this action.

    11.      The School Board denies that Title II of the ADA is relevant to this action but admits that it employs in excess of 50 or more persons.

## **BACKGROUND AND GENERAL ALLEGATIONS**

    12.      The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

13.     The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

14.     The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

15.     The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

16.     The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

17.     The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

18.     The School Board admits that an evaluation was conducted that contains the statements recited in this allegation.  However, the School Board denies that the only positive way to interact with A.L. is by ASL.

19.     The School Board admits that an evaluation was conducted that contains the statements recited in this allegation.  However, the School Board denies that the educational staff working with A.L. should be proficient in ASL.

20.     The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

21.     The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

22.     The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

23. The School Board admits that the program that A.L. attended at Bel-Aire Elementary School was discontinued.

24. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

25. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

26. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

27. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

28. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

29. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

30. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

31. The School Board admits that parental concerns were documented on A.L.'s IEPs. The School Board denies the remaining allegations contained in this paragraph and demands strict proof thereof.

32. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

33. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

34. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

35. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

36. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

37. The allegations contained in this paragraph are unintelligible and vague, are therefore denied, and strict proof thereof is demanded.

38. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

39. The allegations contained in this paragraph are unintelligible and vague, are therefore denied, and strict proof thereof is demanded. Additionally, allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

40. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

41. The School Board denies the allegations contained in this paragraph

and demands strict proof thereof.

42. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

43. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

44. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## COUNT I: INDIVIDUALS WITH DISABILITIES EDUCATION ACT

45. The School Board restates its responses to each allegation contained in paragraphs 1 through 44 of Plaintiffs' Complaint.

46. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

47. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

48. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

49. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

50. The allegations contained in this paragraph are legal conclusions to which

no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

51. The allegations contained in this paragraph are unintelligible and vague, are therefore denied, and strict proof thereof is demanded.

52. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

53. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

54. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

55. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

56. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## COUNT II: SECTION 504

57. The School Board restates its responses to each allegation contained in paragraphs 1 through 44 of Plaintiffs' Complaint.

58. The allegation contained in this paragraph is a legal conclusion to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

59. The allegations contained in this paragraph are legal conclusions to which

no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

60. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

61. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

62. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

63. The allegation contained in this paragraph is a legal conclusion to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

64. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

65. The School Board denies the allegations contained in this paragraph and demands strict proof thereof.

66. The School Board denies that Plaintiffs are entitled to any relief set forth in this paragraph or in the declaration clause of their Complaint.

## **COUNT III: TITLE II OF ADA**

67. The School Board restates its responses to each allegation contained in

paragraphs 1 through 44 of Plaintiffs' Complaint.  The School Board denies that Plaintiffs' claims are cognizable under Title II of the ADA.

68. The allegation contained in this paragraph is a legal conclusion to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

69. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

70. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

71. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

72. The allegations contained in this paragraph are legal conclusions to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

73. The allegation contained in this paragraph is a legal conclusion to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

74. The School Board is without knowledge as to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

75. The School Board denies that Plaintiffs are entitled to any relief set forth in

this paragraph or in the declaration clause of their Complaint.

## COUNT V: FLORIDA EDUCATIONAL EQUITY ACT

83. The School Board restates its responses to each allegation contained in paragraphs 1 through 44 of Plaintiffs' Complaint. The School Board denies that Plaintiffs' claims are cognizable under the Florida Educational Equity Act.

84. The allegation contained in this paragraph is a legal conclusion to which no answer is required, and as such, this paragraph is denied, and the School Board demands strict proof thereof.

85. The School Board denies that Plaintiffs are entitled to any relief set forth in this paragraph or in the declaration clause of their Complaint.

## JURY DEMAND

The School Board admits that Plaintiff has demanded a trial by jury. The School Board denies any and all allegations not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiffs fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs have failed to perform all of the conditions precedent and/or exhaust any administrative remedies prior to bringing their cause of action, and as such, their claims are barred.

**Third Affirmative Defense**

Plaintiffs have failed to timely file their claims, and as such, they are barred by the applicable statute of limitations.

**Fourth Affirmative Defense**

The School Board of Miami-Dade County, Florida, is a political subdivision of the State of Florida, and, as such, has waived sovereign immunity only to the extent set forth in Florida Statute §768.28. The School Board shall not be deemed to have waived any defenses of sovereign immunity under the Eleventh Amendment or to have increased the limit set forth in Florida Statute §768.28 for any reason.

**Fifth Affirmative Defense**

Plaintiffs have failed to use reasonable attempts to mitigate their damages.

**Sixth Affirmative Defense**

Defendant provided a free appropriate public education to A.L. in the least restrictive environment.

**Seventh Affirmative Defense**

A.L.'s parents failed to provide proper notice under the Individuals with Disabilities Education Act of their intent to enroll A.L. in private school.

**Eighth Affirmative Defense**

Defendant complied with all of Plaintiffs' procedural safeguards under the Individuals with Disabilities Education Act.

**Ninth Affirmative Defense**

Defendant complied with Section 504 of the Rehabilitation Act of 1973 and did not discriminate against A.L. on the basis of his disabilities.

**Tenth Affirmative Defense**

To the extent that Defendant allegedly failed to provide services under Section 504 of the Rehabilitation Act of 1973, such denial would not amount to a claim under the Act because the provision of such services would amount to an undue hardship.

**Eleventh Affirmative Defense**

The School Board exercised reasonable care to prevent and promptly correct any discrimination, which the School Board expressly denies existed, and Plaintiffs failed to take advantage of any preventive or corrective opportunities provided by the School Board or to otherwise avoid harm.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of estoppel.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of waiver.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of claim preclusion.

**Sixteenth Affirmative Defense**

Any claims asserted by Plaintiffs under the Florida Educational Equity Act are preempted by Individuals with Disabilities Education Act or other Federal laws.

**Seventeenth Affirmative Defense**

Plaintiffs are limited to relief under the Individuals with Disabilities Education Act.

WHEREFORE, having answered Plaintiffs' Complaint, the SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, respectfully demands judgment in its favor and an award of reasonable court costs and attorneys' fees for defending this action.

Respectfully submitted,

Walter J. Harvey
School Board Attorney
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Suite 430
Miami, Florida 33132


By: *Mary C. Lawson*
    Mary C. Lawson
    Assistant School Board Attorney
    Attorney for Respondent
    Florida Bar No. 584223
    Telephone:  (305) 995-4285
    Facsimile:   (305) 995-1412


**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June 2011, I electronically filed the foregoing Notice with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Mary Lawson, Esq*
Mary C. Lawson, Esq.

## SERVICE LIST

C.L. and D.L., individually, and as parents and
next friends of A.L.
v.
SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA

Case No. 10-24415-CIV-KING
United States District Court, Southern District of Florida

Matthew Wilson Dietz
Matthewdietz@usdisabilitylaw.com
2990 SW 35th Avenue
Miami, FL 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

Stephanie Langer
Stephlanger@yahoo.com
Matthew W. Dietz
2990 SW 35th Avenue
Miami, FL 33133
305-669-2822
Fax: 442-4181
Email:

Mark S. Kamleiter

mkamleiter@flspedlaw.com

2509 1st Avenue South
St. Petersburg, FL 33712
727-323-2555
Fax: 323-2599

Attorneys for Plaintiffs
C.L. and D.L., individually, and as parents and next friends of A.L.

Method of Service: Electronically